**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT TITUS, an individual, | No. 11-35664 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-01330-SU |
| v. | |
| STANLEY HORRELL, an individual; JIM MUNYON, an individual; FRANK PRIMOZIC, an individual; PAM WOODWORTH, an individual; TIM COE, an individual; ROGER MCKINLEY, an individual; BILL HARRINGTON, an individual, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| CITY OF PRAIRIE CITY, a municipal corporation; DIANE CLINGMAN, an individual; ANNA BASS, an individual, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Patricia Sullivan, Magistrate Judge, Presiding

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 10, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Stanley Horrell and other members of the Prairie City Council appeal from the district court's denial of summary judgment in this 42 U.S.C. § 1983 action brought by Robert Titus. Because Titus had no protected property interest in his continued employment, he suffered no due process violation, and appellants are entitled to qualified immunity. We reverse.

Titus was an at will employee under the terms of the City Charter. The Charter states that the City Council may appoint "such other officers and employees of the city as the Council deems necessary or advisable and may remove any of them at any time within their discretion." Titus offers no evidence to prove that he was not appointed by the City Council, and he does not dispute that he was employed by the city. Though Titus argued that the Charter does not apply to his position because it is not a specifically listed "officer" position, Titus was at least an "other . . . employee[]" whom the City Council could remove without limitation. Since Titus had no entitlement to his continued employment, he had no protected property interest, and his due process rights were not violated. *See Lawson v. Umatilla Cnty.*, 139 F.3d 690, 691-92 (9th Cir. 1998). Appellants

2

are entitled to summary judgment on the basis of qualified immunity because they did not violate Titus's due process rights.  *See Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009).

**REVERSED and REMANDED.**